█ In the Matter of SUSAN MANTIONE, Doing Business as CASTLE NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Decision reserved, case held, and matter remitted to respondents for further proceedings in accordance with the following memorandum: In this article 78 proceeding petitioner, the owner and operator of a nursing home, seeks review and annulment of respondents' determination decertifying her Home as entitled to provide skilled nursing home care under the provisions of title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396 et seq.), thus rendering her ineligible for further participation in the Medicaid program, on which three-quarters of her patients depend. In accordance with the mandate of the Federal Code and the decision of the court in a class action brought in behalf of 148 nursing homes including petitioner's (*Maxwell* v. *Wyman*, 458 F. 2d 1146, April 2, 1972), at petitioner's request respondents granted her a hearing on two questions, (1) whether strict application of the structural

requirements of the Life Safety Code (Code of Fed. Reg., tit. 45, § 249.33) would result in an unreasonable hardship on petitioner and (2) whether a waiver of the requirements would adversely affect the health and safety of the patients in the Home. Upon an affirmative finding by respondents with respect to each of those two issues, the *Maxwell* case (*supra*) held that under the statute they could reasonably waive strict compliance with its structural requirements (Code of Fed. Reg., tit. 45, § 249.33). The hearing established without contradictory evidence that strict enforcement of the structural requirements of the code, especially the installation of a sprinkler system, would constitute an unreasonable hardship on petitioner. Respondents' contrary conclusion is without support in the record and should be annulled. The hearing also showed that petitioner's Home has many safety features, including four-hour heat resistant fire walls in most areas and a heat detector system which when energized will alarm the entire facility and the municipal fire department one block away. The hearing also revealed petitioner's willingness to co-operate with respondents' requirements and to install additional fire doors which respondents' expert said would be helpful, if respondents would accept them. Respondents appear to have ignored such facts and in effect they have nullified the *Maxwell* decision as to petitioner, by simply holding that the waiver could not be granted herein without danger to the health and safety of petitioner's patients. No support for this conclusion is contained in the record, except the bare statutory structural requirements and the opinion of an expert who has not seen petitioner's Home. The determination was therefore arbitrary and capricious. The matter should be remitted to respondents for further proceedings within the spirit of the statute as interpreted in the *Maxwell* case. The evidence shows that this is a badly needed facility. Respondents should consider in detail, upon testimony of witnesses, including experts, who have examined petitioner's premises, what improvements, if any, short of installation of a sprinkler system, will render the Home in such condition that a waiver of the strict requirements of the code would not endanger the health and safety of the patients (see *Matter of Pollock* v. *Lavine*, 41 A D 2d 352); and if the evidence shows that such can reasonably be done, respondents should grant the waiver. (Review of determination denying certification of nursing home, transferred by order of Wyoming Special Term.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.